```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STEPHEN MILLS, JR., et al.        :    CIVIL ACTION
                                  :
         v.                       :
                                  :
LONDON GROVE TOWNSHIP, et al.     :    NO. 05-00122-JF
```

                          MEMORANDUM AND ORDER

Fullam, Sr. J.                                        July 19, 2007

       Adult plaintiffs and their minor child suffered severe and permanent injuries in an automobile accident.  The accident allegedly occurred because a stop-sign for which the defendant Township was responsible was obscured by shrubbery.  Plaintiffs sued the Township, the owner of the property in question, and the other driver, all of whom asserted claims against the wife-plaintiff.  The wife-plaintiff was seven months pregnant at the time of the accident, and her injuries caused the premature birth of the plaintiff-minor (now aged 2 1/2 years).  The minor-plaintiff sustained serious head injuries which have resulted in cerebral palsy, a permanent condition for which the minor will require constant medical attention for the rest of her life.

       Although each of the potentially liable parties could properly assert that they were not at fault, all concerned – or, more accurately, their liability insurance carriers – have agreed to settle the case, by payments substantially equal to the total of available liability insurance.  Plaintiffs have now petitioned for approval of the compromise settlement, insofar as the minor

is concerned.  It is proposed that the minor's portion of the settlement be placed in a "self-funded special needs trust" (under Maryland law, and approved by the Attorney General of Maryland, where the plaintiffs now reside).  Unless such a trust is established and funded, the minor-plaintiff would not be eligible to receive healthcare benefits from any governmental source.

Under the terms of the settlement, the minor's share would be $500,000, her father's share would be $125,000, and her mother's share would be $275,000.  After deduction of attorneys' fees (reduced to 25%) and the compromised amount of certain liens, the net settlement payable to the special needs trust for the minor would be $357,170.21.

All parties agree that the proposed settlement of the minor's claim is reasonable under the circumstances – doubtful liability and limited insurance coverage.  There is, however, opposition to the proposed distribution of the settlement proceeds.  It appears that the plaintiffs were beneficiaries under an ERISA health and welfare plan as a result of the father's employment.  The Plan has made significant payments on account of the minor's medical expenses.  The insurance company which made those payments now asserts that the petitioners should first reimburse it (ACS Recovery Services) in the amount of

$123,690.12 because of the benefits it paid on account of the minor's injuries.

> The pertinent language of the Plan is as follows:
>
> "If you or a dependent are injured because of the negligence or wrongdoing of someone else, the Plan Administrator has the right, subject to any applicable law, to recover benefits paid by the third-party medical plan from any amount you receive from the other person or his or her insurance company, whether by lawsuit, settlement or otherwise and without regard to attorney fees you may have incurred to collect such amounts.  <u>In this situation, you must sign a reimbursement agreement before benefits will be paid under the Wyeth health care plans</u>.  You also are responsible for taking any necessary actions to protect the Wyeth health care plans' right of recovery."  (emphasis added)

At the hearing on the pending petition, counsel for plaintiffs asserted, without contradiction, that the plaintiffs have never been asked to sign any such reimbursement agreement, and have not done so.  Thus, it may be that ACS Recovery Services should be deemed to have waived its right to assert a lien.  Stated otherwise, it may be that, by paying the medical benefits without first obtaining plaintiffs' agreement to recognize the lien now claimed, ACS Recovery Services may have impaired its right to assert such a lien.

Be all that as it may, and assuming ACS Recovery Services' claim for reimbursement is clear, the complex legal issues addressed by the Supreme Court in <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204 (2002) and <u>Sereboff v.

Mid Atlantic Medical Serv., Inc., 547 U.S. ___ (2006) must be addressed.  ERISA fiduciaries are permitted to bring civil actions under § 502(a)(3)(B) "to obtain ... appropriate equitable relief ... to enforce ... the terms of the Plan."  The Great-West case held that this did not authorize plan fiduciaries to bring an action for specific performance of the reimbursement provisions of the plan, and to compel a plan beneficiary who had recovered from a third-party tortfeasor to make restitution.  In Sereboff, the Court held that the ERISA statute does permit plan fiduciaries to bring an action to enforce an equitable lien upon funds in the possession of the beneficiary.

In the present case, the plan fiduciary had not brought suit of any kind by the conclusion of the hearing, but had merely objected to the proposed distribution of the settlement funds which are still in the hands of the various liability insurers.  Moreover, under the terms of the proposed compromise settlement, the minor's share of the settlement proceeds would go directly to the "special needs trust."  The Great-West case seems to have regarded that circumstance as dispositive.  The Court stated:

> "The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred.  The kind of restitution that petitioners seek, therefore, is not equitable – the imposition of a constructive trust or equitable lien on particular property – but legal – the imposition of personal liability

4

>       for the benefits that they conferred upon
>       respondents."

534 U.S. 204, 214

The net effect of the two cited Supreme Court opinions, as applied to the present case, is, in my view, as follows: the parties to this litigation have a right to settle their differences, and have done so.  The only question before this court is whether the proposed settlement is fair to the minor.  I conclude that it is.  Nothing in the ERISA plan confers upon ACS Recovery Services a right to control the conduct of this litigation; it has no right to object to the proposed settlement.

The hearing on the petition for approval of the compromise settlement was held on July 17, 2007.  The next day, July 18, 2007, counsel for ACS Recovery Services filed a document entitled "Motion for Preliminary Injunction of ACS Recovery Services in Opposition to Petition for Approval of Minor's Compromise."  The motion states that ACS "requests an Injunction Order denying the Petition for Approval of Minor's Compromise." It states that, under the ERISA statute, a fiduciary may bring a civil action to enjoin any act or practice which violates a provision of the statute or the terms of the Plan; cites the Sereboff case, and states "in further support of its motion, ACS Recovery Services refers the Court to its attached Opposition Brief and Exhibits."

5

Nowhere in the motion or the supporting documentation does the movant seek to impose an equitable lien or constructive trust upon any funds in the possession of any of the parties to this action. Movant seeks merely to enjoin "the petitioners" from transferring any funds to the "special needs trust" for the minor-plaintiff.

It is undisputed that movant was made aware of the proposed compromise settlement and distribution several months ago. Indeed, movant agreed to settle its claimed lien against the funds being paid to the wife-plaintiff in settlement of her individual claim. For reasons not disclosed on the record, movant has apparently been unwilling to compromise its alleged lien against the minor's funds. Proponents of the pending settlement have asserted a potentially meritorious defense of laches.

In the unusual circumstances of this case, I conclude that it is appropriate to require the dotting of all i's and the crossing of all t's. ACS Recovery Services paid the medical benefits without first obtaining a written reimbursement agreement, as contemplated by the Plan. Assuming that its right to assert a lien was not fatally impaired by that omission, its lien would not come into existence until the Plan beneficiary (the plaintiff-husband-employee) received funds reimbursing the medical expenses in question. That has not yet occurred, and, if

the proposed compromise settlement is effectuated in all its terms, will not occur.

ACS Recovery Services' belated request for injunctive relief seeks to enjoin the transfer of funds to the "special needs trust." Since the adult plaintiffs will not receive any of the funds in question, they are not proposing to transfer any funds to the special needs trust. ACS Recovery Services has not sought injunctive relief from anyone else.

Ordinarily, a court would be reluctant to rely upon the technicalities discussed above. In this case, however, the equities seem to favor such an approach. The damages suffered by the minor-plaintiff are astronomical, and life-long. In the final analysis, the real dispute generated by ACS's opposition is between ACS and the taxpayers who, in the future, will be called upon to bear the minor's medical expenses. ACS was paid premiums for its coverage; the taxpayers have not been.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN MILLS, JR., et al.    :    CIVIL ACTION
                              :
          v.                  :
                              :
LONDON GROVE TOWNSHIP, et al. :    NO. 05-00122-JF

ORDER

AND NOW, this 19th day of July 2007, upon consideration of the Petition to Approve a Minor's Compromise, IT IS ORDERED:

1. The Petition is GRANTED. The claim of the minor shall be settled for the sum of Five Hundred Thousand Dollars ($500,000).

2. The attorney's fees and costs as noted herein are APPROVED.

3. The Township of London Grove shall pay the following:

    a. $108,707.18 to Grace Mills Self-Funded Special Trust;

    b. $41,292.82 to Troiani/Kivitz, LLP for fees and costs.

4. USAA shall pay the following:

    a. $139,755.85 to Grace Mills Self-Funded Special Needs Trust;

    b. $60,244.15 to Troiani/Kivitz, LLP for fees and costs. Of that amount, Troiani/Kivitz, LLP shall remit $1,370 to Frank, Frank & Sherr, LLC and $5,081.33 to the McAndrews Law Firm.

5. William Allman shall pay the following:

    a. $108,707.18 to Grace Mills Self-Funded Special Needs Trust;

    b. $41,292.82 to Troiani/Kivitz, LLP for fees and costs.

6. All disbursements are to occur no later than 20 days from the date of this Order.

7. The Grace Mills Self-Funded Special Needs Trust Agreement is APPROVED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.

2